# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 1:18mj 240 |
| Information Associated With The Account agnosticgringo87@gmail.com Stored at Premises Controlled by Dropbox Inc. | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 2251(a) | Production of Child Pornography |
| 18 USC § 2252A(a)(2)(A) | Distribution of Child Pornography |
| 18 USC § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Tara S. Thomas, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/26/18

_____
*Judge's signature*

City and state: Greensboro, North Carolina

L. Patrick Auld, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## Property to Be Searched

This warrant applies to information for the Dropbox account associated with the email agnosticgringo87@gmail.com which are stored at premises owned, maintained, controlled, or operated by Dropbox Inc., a company headquartered in San Francisco, California. This warrant is associated with Dropbox reference number CR-7000-02292.

## ATTACHMENT B

### Particular Things to be Seized

### I. Information to be Disclosed by Dropbox Inc.

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox Inc., including any information that has been deleted but is still available to Dropbox Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox Inc. is required to disclose the following information to the government for each account listed in Attachment A:

a. All files stored in, or on behalf of, the account;

b. All transactional information concerning the use of the account, including:

    I. Information pertaining to the upload, access, and deletion of files, and creation or elimination of folder structure;

    II. Information pertaining to any hyperlinks, or other method of sharing files, that resolve or resolved to files in the account; and

    III. IP address logs (e.g. IP address, port, date, time, and time zone);

c. All business records and subscriber information, in any form kept, pertaining to the account including subscriber registration details, full names, addresses, billing addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN

(Electronic Serial Number) or other unique identifier for the device(s) associated with the account, Social Security number, date of birth, telephone numbers, purchase history, email and password records, and other identifiers or records associated with the account;

d. All payment information, including dates and times of payments and means and source of payment (including any credit or bank account number.

e. Any and all communications between Dropbox, Inc. and the subscribers of the account and subscribers of the accounts to which the hyperlinks resolve.

Dropbox Inc. is hereby ordered to disclose the above information to the government within 14 days of service of this warrant.

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B) by the user(s) of the account(s) identified on Attachment A, in the form of the following:

a) records and information constituting child pornography, as defined in 18 U.S.C. 2256(8);

b) records and information constituting child erotica;

c) records and information revealing access to and/or trafficking of child pornography and identity of those participating, to include information about specific transactions and instances of access;

d) records and information revealing the sexual exploitation of or sexual interest in any minor;

e) records and information constituting or revealing the identity and age of any minor victim;

f) transactional and location information pertaining to any items authorized to be seized under this section (Section II), including log files revealing the upload, access, and deletion of files, creation or elimination of folder structure, and information reflecting access;

g) records and information constituting or revealing participation in groups or communication with others that provide or make accessible child pornography; and

h) Records revealing or indicating who created and accessed the Dropbox account and any hyperlinks identified in Attachment A, including records revealing subscriber information, IP addresses, mobile devices used, and methods of payment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data).

Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, Dropbox, Inc. shall disclose the responsive data by sending it to the below listed contact:

Special Agent Tara Thomas

FBI Greensboro

1801 Stanley Road Suite 400

Greensboro, NC 27407

Cell: 336-207-2830

Email: tsthomas2@fbi.gov

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Tara S. Thomas, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information associated with the Dropbox account associated with agnosticgringo87@gmail.com that are stored at premises owned, maintained, controlled, or operated by Dropbox Inc. ("Dropbox"), a company headquartered in San Francisco, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Dropbox to disclose to the government records and other information in its possession pertaining to the Dropbox account identified in Attachment A.

2.     I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and have been since March of 2008. My initial training consisted of a twenty-week FBI new agent course during which I received instruction on various aspects of federal investigations, ranging from economic espionage and child pornography, to kidnapping and computer intrusions. In addition, I have received more than 350 hours of training related to computers and cyber matters, to include investigations of cybercrime. I am currently assigned to the Charlotte Division and stationed at the Greensboro Resident Agency. Prior to joining the

FBI, I worked in law enforcement for over eight years as a police officer and sheriff's investigator. I have been the case agent or supporting agent in numerous investigations, including investigations involving the production, distribution, and possession of child pornography. I have received training in the area of child pornography and child exploitation, and have observed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251 and 2252A, and I am authorized by law to request a search warrant.

3.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.     I am investigating Michael Vincent DAMBA for multiple child exploitation offenses including violations of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B). There is probable cause to believe that Michael Vincent DAMBA committed these offenses and to search the information described in Attachment A for contraband and evidence, fruits, and instrumentalities of these violations, more particularly described in Attachment B.

2

## STATUTORY AUTHORITY

5.     This investigation concerns alleged violations relating to the sexual exploitation of minors.

a.     18 U.S.C. § 2251(a) prohibits a person from, using, persuading, inducing, enticing, or coercing any minor to engage in, or having a minor assist any other person to engage in, or transporting any minor in or affecting interstate or foreign commerce, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. As described in 18 U.S.C. § 2251(e), attempts and conspiracies to violate 18 U.S.C. § 2251 fall under that section.

3

b.     18 U.S.C. § 2252A(a)(2)(A) prohibits a person from knowingly receiving, distributing or conspiring to receive or distribute any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c.     18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing or knowingly accessing with intent to view, or attempting to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## PROBABLE CAUSE

6.     On March 6, 2018, Michael Vincent DAMBA checked into a hospital in Rowan County for suicidal ideation. DAMBA spoke with a therapist by telecommunication and told the therapist that he had been sexually inappropriate with two children. DAMBA provided the identities of the children.

4

Herein, they will be referred to as Minor-1 (currently ███ years old) and Minor-2 (currently ██ years old).

7.     After speaking with DAMBA, the therapist contacted the Department of Social Services (DSS) and reported the sexual abuse. The therapist informed DSS that DAMBA was in trouble at his job for stealing methadone and that he had been stealing and injecting methadone for four years. DAMBA reported he has been in a relationship with Minor-2 for four years. He admitted that he performed oral sex on Minor-2 at least 30 times. DAMBA stated that he has approximately 3 or 4 videos and pictures involving sexual acts with Minor-2. DAMBA further stated that he has videos on his phone involving Minor-1 and Minor-2, specifically videos of Minor-2 laying on top of Minor-1 naked. DAMBA admitted that he was in a video with Minor-2 when Minor-2 was unclothed. DAMBA reported that Minor-1 sat in his lap in the nude. He also reported that he possessed a video of Minor-2 masturbating while lying on Minor-1.

8.     According to the therapist, DAMBA described himself as "mentally messed up" but does not seem to understand he is responsible for the incidents. DAMBA claimed that he has not had any sexual contact with Minor-2 since October 2017. He admitted that he attempted to engage in anal sex with Minor-2 but that "it didn't work out." DAMBA explained that he met Minor-2 via video game chat rooms and stated that ████████████████████████████. He

5

stated that he buys Minor-2 gifts and that he has met several teenage boys through video gaming chat rooms. DAMBA had no knowledge about any additional victims.

9. The following morning, two RCSO detectives and a social worker responded to the hospital and interviewed DAMBA. DAMBA was still in the emergency department of the medical center waiting on a bed in a mental health commitment facility. DAMBA confessed to sexually molesting Minor-1 and Minor-2 and that he took nude pictures of both minors. DAMBA admitted he has a collection of child pornography, including the photographs he took himself of Minor-1 and Minor-2. DAMBA also uploaded these photographs to the website iMGSRC.ru, a Russian website known for distributing child pornography.

10. DAMBA stated that he had been going on the Internet and looking at inappropriate pictures since 2005/2006. When later asked about this, DAMBA explained that he went to iMGSRC.ru. When asked specially whether there was child pornography on iMGSRC.ru, DAMBA responded that there was but it was minimal. I am familiar with iMGSRC.ru and know that it is a Russian website known for distribution of child pornography and child erotica.

11. DAMBA explained that he lived in Ocracoke, North Carolina, from 2014 until recently, when he moved to Davidson County, North Carolina, where he resides with his mother. DAMBA stated that he ████████████████████ ████ prior to moving to Ocracoke, but got to know Minor-2 by playing Xbox

6

with him. DAMBA described his relationship with Minor-2 as initially "innocent" but then explained that he sent Minor-2 a picture of himself via Facebook and that Minor-2 sent DAMBA multiple pictures via Facebook. DAMBA stated that he engaged in sexual acts, mostly oral sex, with Minor-2 on approximately 20 occasions.

12.     DAMBA stated that there were three times when he was unclothed and three times Minor-1 was unclothed. He stated that Minor-1 and Minor-2 were unclothed and that it was all his fault. When asked where the video was located, DAMBA stated that it was at his house. He then explained that "we" had a Dropbox account were all the files were kept, but that he deleted the files at Minor-2's request two weeks ago. He stated that the files were still on his computer until Saturday when he got a virus.

13.     When asked about the last time he had sexual contact with Minor-2, DAMBA replied that it was October 22, 2017, and explained that's the date on the video. He stated that the conduct involved oral sex and masturbation and took place in Ocracoke, North Carolina. DAMBA also admitted that there was a video made at his sister's home in Reidsville, North Carolina, in the summer of 2016 that depicts Minor-2 and involves masturbation.

14.     When asked about the last time he had sexual contact with Minor-1, DAMBA reported that it was July of 2017 and involved masturbation and DAMBA performing oral sex on Minor-1. This took place in Ocracoke, North

7

Carolina. DAMBA indicated that he sent files depicting this event to Minor-2. When asked if Minor-1 was "resistant" to the conduct DAMBA was describing, DAMBA stated that Minor-1 wasn't resistant for the first video, but that DAMBA could tell Minor-1 was resistant for the second. DAMBA stated that "we" coached Minor-1 a little. He also admitted that he once told Minor-1 not to tell ████ or DAMBA would get in trouble.

15.    When asked whether he ever distributed the pictures he made, DAMBA stated that he traded some of them on iMGSRC.ru. DAMABA stated that the pictures are all stored on his computer. When later asked how many pictures and videos he has, DAMBA replied 100 on his phone, that he has four phones, and that he thinks they all have images on them. DAMBA also said he stored the pictures and videos on his Dropbox account, but he recently deleted the account. When asked about his computer, DAMBA replied that it is a desktop that is apart, and that there is another computer with Dropbox material still on it.

16.    DAMBA agreed to have his property kept by the medical center released to him so that he could provide it to the RCSO detectives. He gave the RCSO detectives the swipe code and passcodes to his cell phones and showed some of the pictures on his phone to the detectives who recognized the pictures to be child pornography. DAMBA admitted he sent child pornography to Minor-2.

17.     DAMBA confessed that he has been in a "relationship" with Minor-2 for several years and to being sexually involved with Minor-2 since approximately 2014. DAMBA also admitted to sending pictures of his genitalia to Minor-2 and taking pictures of Minor-2's genitalia.

18.     DAMBA told the RCSO detectives that his collection of child pornography is stored on his computers and other electronic devices at his residence. Based on this information, RCSO seized the two cell phones as well as the Samsung pairing watch and contacted LPD for their assistance with securing the evidence locate at DAMBA's residence.

19.     On March 7, 2018, a DSS social worker interviewed Minor-1. Minor-1 disclosed DAMBA took pictures of him and Minor-2 with no clothes on. Minor-1 also said DAMBA made him do things involving his private parts.

20.     On March 7, 2018, Lexington Police Department obtained and executed a search warrant for DAMBA'S residence and seized multiple electronic devices.

21.     The following day, on March 8, 2018, Minor-1 was interviewed by a child/adolescent forensic interviewer. Minor-1 repeatedly stated "I forget" but provided factual information when asked direct and specific questions. Minor-1 disclosed that DAMBA took pictures of him while he was nude lying on a bed. Sometimes Minor-2 was there. Minor-1 explained that he was confused when this happened. Minor-1 also stated that DAMBA touched his private parts with his

9

hand. DAMBA showed Minor-1 pictures of other people doing what DAMBA made Minor-1 do.

22.    On March 21, 2018, I reviewed Minor-2's cell phone under consent from Minor-2 and Minor 2's parents. I observed multiple photographs I deemed child pornography as they appeared to show genitalia of a minor under the age of 17. Based on my knowledge of Minor-2 and his residence, I believe the photographs were taken in Minor-2's bedroom. Additionally, I found one photograph I believe depicts Minor-2 being sexually assaulted by DAMBA. DAMBA's face is visible in the photograph, and the bedroom appears to be Minor-2's bedroom. I subsequently scheduled a child/adolescent forensic interview for Minor-2.

23.    On April 13, 2018, Minor-2 was interviewed by a child/adolescent forensic interviewer. I was present during the interview. Minor-2 identified himself in most of the photographs documented above and identified DAMBA in the photograph of the sexual act. Minor-2 stated that he did not recall any of the photographs being taken and did not remember/denied the sexual act but could not deny he was in the photograph with DAMBA.

24.    On July 9, 2018, I obtained a federal search warrant for the electronic devices obtained by Rowan County Sheriff's Office and by Lexington Police Department. During my review of the evidence, I searched an SD card that was seized from DAMBA's bedroom. I observed 13 child pornography videos. In

10

addition to the videos, I observed more than 400 images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), including approximately 200 photographs of Minor-1 engaged in sexual acts or lewdly and lasciviously displaying his genitalia. I observed approximately 8 photographs of Minor-2 I deemed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A).

25.     On July 11, 2018, I submitted a preservation request to Dropbox for the account associated with the email agnosticgringo87@gmail.com. Dropbox responded the same day advising they received the legal process and assigned it reference number CR-7000-02292.

26.     On July 11, 2018, I obtained a federal arrest warrant for DAMBA for Possession of Child Pornography based on the content contained on the SD card. On July 12, 2018, DAMBA was arrested, and I read him his Miranda rights, as witnessed by FBI Task Force Officer Tommy Hyatt. DAMBA verbally consented to an interview and signed his Advice of Rights form. DAMBA answered questions about the pictures and videos of sexual interactions with Minor-1 and Minor-2 that I found on DAMBA's SD card. He admitted he used his GoPro camera to film the videos and take the pictures while he was living in Ocracoke, North Carolina. DAMBA admitted he also stored this collection of child pornography on Dropbox, but had recently deleted it. However, he explained his Dropbox account and its contents is still on one of his tablets that is in the FBI's

11

custody. DAMBA could not recall the username for the Dropbox account but said it was linked to his email agnosticgringo87@gmail.com.

## DROPBOX

27.    Based on my training and experience, and the training and experience of other law enforcement personnel with whom I have spoken, I have learned the following about Dropbox:

28.    Dropbox uses cloud computing to enable users to store and share files and folders with other users across the Internet by way of file synchronization.[1] Dropbox provides both free and fee-based file sharing and file synchronization services.

29.    Dropbox offers a client application to facilitate file synchronization and access on a wide variety of operating systems and devices owned or used by the account holder. Users can also access their account by navigating to Dropbox's website. Dropbox allows a user to create an account that is identified by the user's e-mail address and secured with a user password. The e-mail address is the unique identifier for a Dropbox account.

---

[1] 1 File synchronization (or syncing) in computing is the process of ensuring that computer files in two or more locations are updated by way of certain rules; file synchronization is commonly used for home backups on external hard drives or updating for transport on USB flash drives.

30. Once an account is created with Dropbox, the default setting for the account is private, meaning that only the user can access the files and folders in the account. However, the user can share files or folders in the Dropbox account with others in a number of different ways. For example, a Dropbox user can share files or folders with other individuals who have Dropbox accounts utilizing Dropbox's "Share a File" function, the user enters the name or e-mail address of the Dropbox account holders with whom the user wants to share a particular file or folder. A Dropbox user can also share files or folders with individuals who do not have Dropbox accounts; using Dropbox's "Share a Link" function, the user creates a link to a file or folder that others can then use to view and download the material using their Internet browser.

31. Once a file is added to a user's Dropbox account, the added file is synced to Dropbox's secure online servers.

32. Dropbox collects information like the user's name, email address, phone numbers, payment info, and physical address. Dropbox also collects IP addresses for the devices accessing the account, the type of browser, device used, as well as identifiers associated with the user's devices.

33. In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Online storage providers typically retain records about such communications, including records of contacts between

13

the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

34.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

35.    Because the warrant will be served on Dropbox who will then compile the requested records at a time convenient to Dropbox reasonable cause exists to support execution of the requested warrant at any time day or night.

## CONCLUSION

36.    Based on the forgoing, I request that the Court issue the proposed search warrant.

37.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711, 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the

14

United States ... that – has jurisdiction over the offense being investigated." 18

U.S.C. § 2711(3)(A)(i).

38.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement

officer is not required for the service or execution of this warrant.

Respectfully submitted,

Tara S. Thomas
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on _____07/26/18_____,
2018.

L. Patrick Auld
UNITED STATES MAGISTRATE JUDGE

15